| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

KAMAL K. PATEL, §
　　　　　　　　　　　　　　 §
　　　　　Plaintiff, §
　　　　　　　　　　　　　　 §
versus　　　　　　　　　　　 §　　CIVIL ACTION NO. 1:02-CV-603
　　　　　　　　　　　　　　 §
RESTY BALUYOT, *et al.*, §
　　　　　　　　　　　　　　 §
　　　　　Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kamal L. Patel, proceeding *pro se*, filed this lawsuit against Resty Baluyot and Doctor's Hospital. Plaintiff asserts a civil rights claim pursuant to 42 U.S.C. § 1983 and, by invoking the court's diversity jurisdiction, a state law medical malpractice claim. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The defendants have filed separate motions for summary judgment, as well as separate supplemental motions. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motions be granted.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the pleadings and applicable law.

As described above, plaintiff's complaint includes a state law medical malpractice claim. The magistrate judge concluded the defendants were entitled to summary judgment with respect

to this claim because plaintiff failed to produce any expert testimony concerning the applicable standard of care, an essential element of a medical malpractice claim under Texas law. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003); *Urback v. United States*, 869 F.2d 829, 831 (5th Cir. 1989). Plaintiff's principal objection is that this conclusion violates the law of the case doctrine as the court previously determined he need not produce an expert's report in order to satisfy the requirements of Section 13.01 of the Texas Medical Liability and Insurance Improvement Act. TEX. REV. CIV. STAT. ANN. Art. 4590i § 13.01.

Plaintiff is mistaken. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Section 13.01 provides that within 180 days after a health care liability claim is filed, a plaintiff must furnish one or more expert reports concerning his claim which set forth the applicable standard of care. In ruling on a motion to dismiss, the court previously concluded that a plaintiff in a federal lawsuit need not satisfy this requirement of Texas law because the rule was procedural in nature and federal procedural rules prevail in federal court. In contrast, the magistrate judge's recommendation was based on the substantive elements of plaintiff's state law claim, an area where state law controls. As a result, the magistrate judge's conclusion that plaintiff must provide an expert's report concerning the applicable standard of care in order to satisfy his substantive burden did not violate the law of the case doctrine. Accordingly, this objection, as well as plaintiff's other objections, are without merit.

**ORDER**

Accordingly, plaintiff's objections are **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. The motions for summary judgment filed by the defendants, as well as the supplemental motions, are **GRANTED**. A final judgment will be entered dismissing this lawsuit.

SIGNED at Beaumont, Texas, this 8th day of January, 2009.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE